IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADEAN HILL JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-510-L-BN |
| | § | |
| AMITY ONE TAX, LLC aka AMITY | § | |
| TAX SOLUTIONS, a California | § | |
| limited liability company, and | § | |
| ARIYO MACKAY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Adean Hill Jr. filed a *pro se* complaint alleging violations of the

Telephone Consumer Protection Act (TCPA) against Defendants Amity One Tax, LLC

aka Amity Tax Solutions, and Ariyo Mackay. *See* Dkt. No. 3.

United States District Judge Sam A. Lindsay referred this case to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

And, because Hill paid the statutory filing fee, he undertook the obligation to

(1) properly serve each defendant with a summons and the complaint in compliance

with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from that

defendant. *See generally* FED. R. CIV. P. 4(h) (setting forth procedures for serving

various types of defendants and regarding waiver of service).

The Court advised Hill that, if proper service was not made and shown to the

Court through a filed proof of service (or a waiver of service obtained and filed with

the Court) before Thursday, May 29, 2025, this case would be subject to dismissal without prejudice unless Hill showed both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* Dkt. No. 5 (citing FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b)).

That deadline has passed, and Hill has not provided the Court with any proof or supporting documentation that he has served Defendants.

But, on June 4, 2025, Hill filed a Motion for Substitute Service of Process. *See* Dkt. No. 9.

In the motion, Hill explains the difficulties he has experienced attempting service on Defendant Amity One Tax. And he asks the Court for leave to serve Amity One Tax by "alternative means," including through 1) the California Secretary of State, 2) e-mail, and 3) certified mail. *See id.* at 1-2.

Hill's Motion [Dkt. No. 9] must be denied without prejudice for the reasons explained below.

> Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. TEX. R. CIV. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).
>
> Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that ... evidence shows will be reasonably effective to give the defendant notice of suit." TEX. R. CIV. P. 106(b)(2). "[S]ubstitute service is not authorized ... without an affidavit which meets the requirements of the rule demonstrating the necessity for other than

personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022); *accord Am. Home Assurance Co. v. Zeus Plumbing*, No. SA-23-CV-01424-XR, 2024 WL 4795986, at *3 & n.1 (W.D. Tex. Aug. 20, 2024); *see also Amarillo Med. Specialists, LLP v. AKOS MD IPA, LLC*, No. 2:23-cv-26-Z-BR, 2023 WL 8582621, at *1 (N.D. Tex. Oct. 12, 2023) (Rule 4(e) "allows a party to serve an individual within a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Under this Rule, federal courts may look 'to the long-arm statute of the State in which it sits to determine whether an out-of-state defendant is amendable to service.' Texas Rule of Civil Procedure 108 directs that '[w]here the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant ... in the same manner as provided in Rule 106 hereof.'" (citations omitted)).

Hill's motion does not comply with these requirements because it is not supported by a sworn statement. And, so, the Court must deny Hill's request for substituted service at this time.

But, to the extent that Hill requests that the Court authorize substitute service via certified mail, *see* Dkt. No. 9 at 2, that is a method explicitly authorized by Texas Rule 106(a), *see, e.g.*, *Crotts v. Freedom Mortg. Corp.*, No. 4:23-CV-04828, 2024 WL 4446514, at *1 (S.D. Tex. Oct. 8, 2024) ("Texas law specifies that service by certified mail is one of two *default* (rather than substitute) methods for effectuating service of

process." (emphasis in original; citations omitted)).

And, so, Hill need not obtain authorization from the Court to serve Amity One Tax using that method.

And, under Federal Rule 4(e)(1) and Texas Rule 106(a), Hill may serve Amity One Tax via certified mail, return receipt requested, as long as Hill honors Texas law as to who is authorized to serve (under this scenario, by mail) process. *See, e.g.*, *Blanton-Bey v. Carrell*, Civ. A. No. H-09-3697, 2010 WL 1337740, at \*2 (S.D. Tex. Mar. 26, 2010) ("Texas Rule of Civil Procedure 103 provides that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" (quoting TEX. R. CIV. P. 103; emphasis added by *Blanton-Bey*)).

While Hill has demonstrated good cause under Federal Rule of Civil Procedure 4(m) for the Court to allow it more time to perfect service on Defendant Amity One Tax, his motion neither addresses service concerning Defendant Ariyo Mackay nor requests a specific date by which he aims to perfect service.

And, so, the Court grants Hill an extension of time to complete service as to Defendant Amity One Tax, and orders Hill to file proof of service with the Court by no later than **July 7, 2025**.

SO ORDERED.

- 5 -

DATED: June 5, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE